IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:

NIKKI WEBBER ALLEN

                                        :

   v.                               :   Civil Action No. DKC 15-1960

                                          :

TV ONE, LLC, et al.

                                        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case is a motion filed by Plaintiff Nikki Webber Allen ("Plaintiff") for leave to file an amended complaint and serve additional discovery requests. (ECF No. 47). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion will be denied.

## I.   Background

A more complete recitation of the factual background can be found in the court's prior memorandum opinion denying the motion to dismiss filed by Defendant TV One, LLC ("Defendant" or "TV One"). (*See* ECF No. 27, at 1-8). Plaintiff filed a charge of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant in 2014. (ECF Nos. 16 ¶ 6; 59-1). After the EEOC issued Plaintiff a Right to Sue letter, Plaintiff timely initiated this action in the

Superior Court of the District of Columbia on May 13, 2015, against Defendant, Catherine Hughes, and Alfred Liggins. (ECF No. 1-1, at 4). Ms. Hughes, TV One's founder, chairperson, board member, and television show host, is also the chairperson and founder of TV One's parent company, Radio One, Inc. ("Radio One"), as Plaintiff noted in her EEOC charge. (ECF No. 59-1, at 2 & n.1; *see also* ECF Nos. 2, at 2). Mr. Liggins, Ms. Hughes' son, is or was Chief Executive Officer and President of both TV One and Radio One. (*See* ECF Nos. 47-1, at 4; 59, at 2). Defendant removed this action to the United States District Court for the District of Columbia based on federal question jurisdiction over claims brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. (ECF No. 1), and moved to dismiss the complaint for improper venue or, in the alternative, transfer venue to the United States District Court for the District of Maryland (ECF No. 7). Subsequently, the parties filed a joint stipulation agreeing to transfer the case to this court (ECF No. 8), and the case was transferred (ECF No. 9).

On July 28, 2015, Plaintiff filed a two-count amended complaint against Defendant, removing the individual defendants. (ECF No. 16). In Count I, Plaintiff alleges that Defendant discriminated against her on the basis of her gender in violation of Title VII. Plaintiff contends that Defendant

fostered "a hostile work environment that included, among other things, severe and pervasive harassment." (*Id.* ¶ 82). Count II contains allegations that Defendant retaliated against Plaintiff in violation of Title VII. Plaintiff's employment was terminated in June 2014 after she had a dispute with Ms. Hughes and filed a complaint of gender discrimination and harassment with TV One's human resources department. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

In the proposed second amended complaint, Plaintiff now seeks to name Radio One as an additional defendant to the two Title VII claims brought against TV One. Plaintiff avers that recent discovery has revealed for the first time that Radio One's human resources department was involved in the investigation of her complaint and the decision to terminate her employment. (*See* ECF No. 47-1, at 4). Under the original scheduling order, the deadline for the amendment of pleadings was March 28, 2016. (ECF No. 30). The parties' request for an extension of the scheduling order was subsequently approved, extending the deadline for amendment until May 27, 2016.[1] (ECF Nos. 31; 32). Plaintiff filed the pending motion for leave to

---

[1] Although Defendant references the original deadline (*see* ECF No. 59, at 4), Plaintiff correctly identifies May 27, 2016, as the deadline for amendment of the pleadings (ECF No. 47-1, at 5).

analysis

amend on August 23, 2016, three days before discovery was scheduled to close and nearly three months after the scheduling order's extended deadline.[2] (ECF No. 47). Defendant responded in opposition (ECF No. 59), and Plaintiff replied (ECF No. 69).

## II.  Standard of Review

Because Plaintiff filed her motion for leave to amend well past the deadline established by the scheduling order for the amendment of pleadings (ECF Nos. 31; 32), she must do more than satisfy the liberal standard of Fed.R.Civ.P. 15(a); she must first meet the mandates of Fed.R.Civ.P. 16(b)(4), which requires "good cause" to modify a scheduling order. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298-99 (4th Cir. 2008); *Elat v. Ngoubene*, 993 F.Supp.2d 497, 519-20 (D.Md. 2014) (applying a two-prong test under Rules 16(b)(4) and 15(a) in analyzing an untimely motion for leave to amend). "A schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4); *see Nourison*, 535 F.3d at 298 ("[D]istrict courts require the effective case management tools provided by Rule 16. Therefore, after the deadlines provided by

---

[2] Following a second request for extension of discovery, made on August 26 (ECF No. 48), the discovery deadline was extended until September 30 (*see* ECF No. 67). Scheduling of dispositive motions awaits resolution of the instant motion and the parties' discovery disputes, which have not yet been fully briefed. (*See* ECF Nos. 53; 68; 70).

a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.").

To satisfy the good cause requirement, the movant must show that, despite due diligence, she could not have brought the proposed claims in a reasonably timely manner. *See Montgomery v. Anne Arundel Cty., Md.*, 182 F.App'x 156, 162 (4th Cir. 2006) ("Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party."); *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D.Md. 2002); *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D.Md. 1999). The factors courts consider in determining good cause are the "danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Tawwaab v. Va. Linen Serv., Inc.*, 729 F.Supp.2d 757, 768–69 (D.Md. 2010) (quoting *Rothenberg v. Marriott Int'l, Inc.*, No. CCB–08–173, 2008 WL 687033, at *1 (D.Md. Feb. 29, 2008)). As Judge Williams explained, "Courts in the [United States Court of Appeals for the] Fourth Circuit deny leave to amend a complaint past the deadline established by a scheduling order where the moving party has been careless in developing his claims or where he has failed to satisfactorily account for his failure to do so." *Id.* at 769. The dictates of

Rule 16(b) are not to be taken lightly, as "a judge's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Potomac Elec.*, 190 F.R.D. at 375 (quoting *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D.Me.1985)).

If Rule 16(b) is not satisfied, there is no need to consider Rule 15(a). *See Nourison*, 535 F.3d at 299. Once the movant has met the burden of showing good cause, however, the inquiry shifts to Rule 15(a), which provides that a "court should freely give leave [to amend a pleading] when justice so requires." Fed.R.Civ.P. 15(a)(2). Denial of leave to amend is appropriate "*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

## III. Analysis

According to Plaintiff, it was only during discovery conducted after the deadline for amending the pleadings that she learned of the extent to which TV One and Radio One's human resources departments interacted. Based on the depositions of Ms. Hughes, Mr. Liggins, and a TV One employee, conducted between July 20 and August 10, 2016, Plaintiff now alleges that Radio One's former head of human resources Jackie Kindall and

Radio One's executive vice president and chief administrative officer Linda J. Vilardo investigated her discrimination complaint and made the retaliatory decision to fire her.  (ECF No. 47-1, at 4-5).  Plaintiff argues that she was unaware at the time of the deadline of Radio One's "close involvement in the unlawful actions taken against the Plaintiff during her tenure at Defendant TV One."  (*Id.* at 10).  In Plaintiff's argument that leave to amend should be granted under Fed.R.Civ.P. 15(a)(2), she also states that there would be no prejudice to TV One from allowing the amendment, and that she did not act in bad faith.  (*Id.* at 11-12).

Plaintiff has not demonstrated that the reason for her delay justifies a departure from the rules set in the scheduling order, and accordingly has failed to establish good cause for modifying the scheduling order under Fed.R.Civ.P. 16(b).  Rule 16(b) focuses on the timeliness of the proposed amendment and the reasons behind its tardy submission, and in particular, requires the movant to show that he acted diligently.  *Rassoull,* 209 F.R.D. at 374.  Lack of diligence and carelessness are the "hallmarks of failure to meet the good cause standard."  *W. Va. Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001).  Defendant identified Ms. Kindall and Ms. Vilardo as having been "involved in the decision to terminate Plaintiff's employment," and as "knowledgeable regarding the

decision to terminate Plaintiff's employment" in its answer to Plaintiff's first set of interrogatories, served on April 26, 2016.[3]   (ECF No. 47-4, at 7, 9-10, 24).   Ms. Vilardo was identified as a Radio One employee, and contact information was provided for Ms. Kindall, who was no longer employed at Radio One at the time of Defendant's response.[4]   (*Id.* at 7; ECF No. 59, at 4).   Plaintiff may have discovered further evidence of Radio One's involvement during the later depositions, but she was plainly informed that at least one Radio One employee was involved in the decision to terminate her employment well before the deadline for amendment of the pleadings.[5]   *See Crouch v. City*

---

[3] Plaintiff's argument that this description was vague and inadequate is specious.   It was Plaintiff's interrogatory which instructed Defendant to "[i]dentify all persons involved in the decision to terminate the Plaintiff."   (ECF No. 47-4, at 9).

[4] Plaintiff objects that Defendant did not identify Ms. Kindall as a former Radio One employee, but has not shown that she had any difficulty in identifying or contacting Ms. Kindall using the information provided.   Defendant states that Plaintiff's counsel did not raise a need for clarification as to the identity of any of the named individuals, and argues that "a simple internet search would have revealed Ms. Kindall's former position . . . at Radio One."   (ECF No. 59, at 4 & n.3).   At the very least, however, Plaintiff was informed that Ms. Vilardo was a Radio One employee involved in the decision.

[5] Moreover, Plaintiff's EEOC charge and claims against TV One are based on allegations of improper behavior by Ms. Hughes and Mr. Liggins.   Plaintiff was aware of their connection to Radio One (*see, e.g.*, ECF No. 59-1, at 2 n.1), and believed them to have been involved in the alleged discrimination and retaliation, as they were originally defendants in this case (ECF No. 1-1, at 6).   Plaintiff even imputes Ms. Hughes' knowledge of the underlying events and EEOC charge to Radio One

*of Hyattsville, Md.*, No. DKC 09-2544, 2012 WL 718849, at *4 n.7 (D.Md. Mar. 5, 2012) ("[T]o amend his complaint, Plaintiff need not have waited until he had all the evidence he needed to *prove* his claims.").

Plaintiff had ample opportunities to name Radio One as a defendant, before and after receiving the interrogatory responses. A month elapsed between Defendant's answer to the interrogatories and the scheduling order deadline, during which time Plaintiff could have moved to amend or moved for another extension of the scheduling order if she needed more time for discovery to determine whether Radio One should have been named as a defendant. Instead, Plaintiff apparently did not take any action to investigate the role these Radio One employees played in her termination, or even notice their depositions, for months. (*See* ECF Nos. 59-5; 59-6 (deposition notices to Ms. Vilardo and Ms. Kindall dated August 16, 2016)). Accordingly, because Plaintiff failed to establish that she exercised diligence in seeking leave to amend the complaint, she has not satisfied the requirements of Fed.R.Civ.P. 16. Without good cause to modify the scheduling order, Plaintiff's arguments for

---

to argue that Radio One had notice of possible claims against it while simultaneously arguing that she herself was unaware that Radio One was a potential party. (ECF No. 69, at 3-4). For Plaintiff to argue now that she was unaware of Radio One's "close involvement" in the alleged retaliation because she only "just learned" of the role Radio One's human resources staff may have played strains credulity.

granting leave to amend pursuant to Fed.R.Civ.P. 15 need not be considered.   Plaintiff's motion will be denied, and the amended complaint will remain the operative pleading.

## IV.  Additional Discovery

Plaintiff has also moved for leave to serve an additional twenty-five discovery demands.   Plaintiff's first request for the production of documents included thirty requests (*see* ECF No. 59-7, at 5-21), the maximum permitted without consent of the parties or the court under Local Rule 104.1.   In requesting leave to serve additional discovery demands, Plaintiff appears to include her second request for the production of documents, which included six requests (ECF No. 47-15, at 6-7), and her third request for the production of documents, which included one request (ECF No. 47-18, at 6), as part of those twenty-five requests.[6]   The remaining eighteen requests are not specified, but Plaintiff states that she "anticipates that in addition to the demands that are outstanding, there will be post-deposition demands relating to the testimony of the remaining witnesses," who appear to include current and former TV One and Radio One

---

[6]  Plaintiff also appears to include her second set of interrogatories, which consisted of two interrogatories. Plaintiff's first set of interrogatories included twenty-three interrogatories (*see* ECF No. 47-4, at 5-21), so it would appear that she has not exceeded the interrogatory limit of twenty-five set by Fed.R.Civ.P. 33(a)(1).   It is unclear whether Defendant has answered these interrogatories, but as no motion to compel has been filed, they need not be addressed today.

employees.    (ECF No.  47-1,  at  15).    Plaintiff  argues  that

allowing  this  additional  discovery  "will  allow  the  Plaintiff  to

obtain  electronic  communications  between  and  among  Radio  One,

Inc.'s  employees  that  were  involved  in  decisions  concerning  the

Plaintiff's  employment."   (*Id.*).

Plaintiff  does  not  explain  the  connection  between  the

requested  or  anticipated  discovery  and  Radio  One's  electronic

communications.   Four  of  the  six  requests  in  the  second  request

for  production  concern  the  emails  of  TV  One  employees,  including

Plaintiff  (ECF  No.  47-15,  at  6-7),  and  the  third  request  for

production  is  similarly  unrelated  to  Radio  One  (ECF  No.  47-18,

at  6).    Many  of  the  remaining  witnesses  whose  depositions

Plaintiff  believes  will  necessitate  additional  discovery  are  TV

One  employees.   Plaintiff  also  argues  that  this  discovery  is

necessary  to  obtain  relevant  Radio  One  communications  that  TV

One  contends  are  outside  its  possession.   Even  if  this  is  true,

Plaintiff  was  free  to  issue  a  subpoena  to  Radio  One  as  a  non-

party  pursuant  to  Fed.R.Civ.P.  45,  and  as  discussed  above,  has

had  ample  notice  that  Radio  One  employees  were  involved  in  her

employment  termination  decision.   Plaintiff  has  not  shown  with

any  specificity  a  need  for  additional  discovery,  and  as  her

motion  for  leave  to  amend  to  add  Radio  One  will  be  denied,  her

motion  for  an  additional  twenty-five  discovery  demands  related

to  Radio  One  will  also  be  denied.

## V.     Conclusion

For the foregoing reasons, the motion for leave to amend and serve additional discovery demands filed by Plaintiff Nikki Webber Allen will be denied.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
