IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NIKKI WEBBER ALLEN :
:
v. : Civil Action No. DKC 15-1960
:
TV ONE, LLC :
:

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case are two motions to quash third party subpoenas filed by Defendant TV One. (ECF Nos. 80; 81).[1] The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions will be denied as moot.

A recitation of the factual background can be found in the court's prior memorandum opinion denying Defendant's motion to dismiss. (ECF No. 27, at 1-8).

Defendant has moved to quash third party subpoenas Plaintiff served on AT&T Wireless ("AT&T"), the cell phone service provider for Jacqueline Kindall, a former Radio One employee who supervised the TV One Human Resources Department, and on Verizon Communications ("Verizon"), the cell phone service provider for Ms. Hughes. (ECF Nos. 80; 81). Plaintiff

---

[1] Cross motions for summary judgment are also pending, and will be resolved in a separate opinion.

filed responses in opposition to both motions (ECF Nos. 82; 85), and Defendant replied (ECF No. 86).

I. Motion to Quash Subpoena Served on AT&T

Defendant moves to quash the subpoena served on AT&T, requesting records of all calls and text messages to and from Ms. Kindall's personal cell phone between June 21 and June 26, 2014.  (ECF No. 80).  Defendant argues that the subpoena was overbroad, requested potentially privileged information, and was issued after discovery closed, without providing advance notice to Defendant's counsel in violation of Fed.R.Civ.P. 45(a)(4). (ECF No. 80-1, at 1, 3-5).  Plaintiff states in her opposition that the subpoena was withdrawn on November 23, 2016, before any documents were produced in response, and that Plaintiff's counsel provided Defendant with confirmation of the withdrawal on November 28.  (ECF No. 82, at 3).

"The withdrawal of the subpoena render[s] the motion to quash moot."  *In re AmFin Financial Corp.*, 503 B.R. 1, 2 (Bankr.D.C. 2014)(citing *Hardee v. U.S.*, 2007 WL 3037308 (W.D.N.C. Oct. 16, 2007) (denying the petitioner's motion to quash subpoena as moot "[s]ince the subpoenas have been withdrawn, and the [c]ourt is satisfied that the withdrawal of the subpoenas have completely eradicated any effect of the alleged violation in the motion to quash."); *see also McCrea v. John Hopkins Univs.*, No. JKB-15-579, 2016 WL 4013639, at *1 n.1

2

(D.Md. July 27, 2016) (denying the plaintiff's motion to quash subpoena as moot in light of the defendants' first opposition and motion, in which the defendants stated that the subpoena was withdrawn).  Accordingly, Defendant's motion to quash the subpoena served on AT&T will be denied as moot.

**II. Motion to Quash Subpoena Served on Verizon and for Sanctions**

For the same reasons Defendant sought to quash the subpoena served on AT&T, Defendant also moves to quash the subpoena served on Verizon requesting records of all calls and text messages to and from Ms. Hughes's personal cell phone between June 21 and June 26, 2014.  (ECF No. 81-1, at 6).  The documents requested have already been produced in response to the subpoena and were provided to Defendant on November 23, 2016, before the motion to quash was filed.  (ECF Nos. 81-1, at 3; 81-4; 82-4).  Accordingly, the motion to quash is inappropriate and will be denied as moot.[2]

This motion requests sanctions against Plaintiff's counsel due to counsel's "repeated failure" to obey the court's scheduling order and Fed.R.Civ.P. 45(a)(4)'s requirement to

---

[2] Defendant's counsel argues that, with advance notice, they would have objected to the subpoena on the grounds that it was unauthorized, overbroad, and sought irrelevant and privileged information.  (ECF No. 81-1, at 6).  Should Plaintiff attempt to use the documents produced in response to the subpoena, Defendant's objections can be addressed at that time.

provide Defendant with advance notice before serving third party subpoenas. Specifically, Defendant requests that the court "order Plaintiff to return and not keep any copies of any and all records she received from Verizon and/or AT&T in response to her improper subpoenas" (*Id.*). Although Defendant refers to the standard for granting a motion for a protective order under Fed.R.Civ.P. 26(c), Defendant has filed a motion to quash and for sanctions, not for a protective order. It does not appear that Plaintiff has attempted to use these documents in the pending motions for summary judgment, and the question of whether Plaintiff should be precluded from using the documents will be deferred. The court declines to issue sanctions.

For the foregoing reasons, the motions to quash third party subpoenas filed by Defendant TV One will be denied as moot. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge